IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ, | :: | CIVIL ACTION NO. |
| Movant, | :: | 4:10-CV-148-RLV-WEJ |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 4:07-CR-20-RLV-WEJ-4 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | MOTION TO VACATE |
| | :: | 28 U.S.C. § 2255 |

# FINAL REPORT AND RECOMMENDATION

Movant Jose Hernandez's motion to vacate sentence under 28 U.S.C. § 2255 is pending before the Court. (Mot. [354].)[1] Movant, pro se, challenges his negotiated guilty plea in this Court to drug trafficking. (Id.) Respondent opposes the motion. (Resp.'s Br. [360]). For the reasons discussed below, the undersigned **RECOMMENDS** that the motion be **DENIED** and that movant be denied a certificate of appealability.

---

[1] Unless otherwise indicated, all citations to the record in this Report and Recommendation refer to case number 4:07-CR-20-RLV-WEJ.

## I.     BACKGROUND

On December 29, 2008, movant pleaded guilty, pursuant to a negotiated plea agreement, to one count of conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana. (Plea Tr. [261].)  Movant acknowledged in the written plea agreement that he was subject to the enhanced sentencing provisions in 21 U.S.C. §§ 841(b)(1)(A), 846, and 851 because he had a prior felony conviction for transporting marijuana. (Plea Agreement [166] 4.) He acknowledged, both in the plea agreement and at the plea hearing, that he faced a mandatory minimum sentence of twenty years of imprisonment as a result of his prior conviction.[2] (Id. at 2-3; Plea Tr. 8, 10.) Movant told the Court at the plea hearing that no one had made any promises to him regarding his guilty plea other than those contained in the plea agreement and that no one had promised him a particular sentence. (Plea Tr. 15.)

On April 2, 2009, the Court sentenced movant to twenty years of imprisonment. (Sentencing Tr. [262].)  The advisory range of imprisonment under the Sentencing Guidelines was 262 to 327 months, but the Court granted respondent's motion to

---

[2] Movant actually had two prior felony convictions for transporting marijuana, which would have subjected him to a mandatory life sentence, but as part of the plea agreement respondent sought enhancement based on only one prior conviction. (Plea Tr. 16-17.)

2

depart downward and sentenced movant to the statutory minimum. (Id. at 3-4, 11.) Movant appealed his conviction and sentence. The Eleventh Circuit dismissed the appeal pursuant to the appeal waiver in his plea agreement. (Order of Oct. 21, 2009 [309].) Attorney Samuel Fenn Little represented movant from the initiation of this case through direct appeal. (Mot. 9.)

In his § 2255 motion, movant claims that Attorney Little rendered constitutionally ineffective assistance in connection with movant's decision to plead guilty; thus, his guilty plea is invalid. (Id. at 6-7.) Movant specifically contends that Attorney Little did not tell him that he was subject to a mandatory minimum sentence of twenty years of imprisonment. (Id.) He contends that Attorney Little told him respondent would file motions to reduce his sentence if he pleaded guilty, but never told him the sentence could not be reduced below the twenty-year statutory minimum. (Id.) Movant claims that he was prejudiced by Attorney Little's alleged ineffectiveness because his sentence was not reduced. (Id.)

Respondent contends that movant's sworn statements at the plea hearing and his acknowledgments in the written plea agreement refute his claims that Attorney Little wrongly advised him of the consequences of his guilty plea and that the plea is invalid. (Br. 8-17.) Respondent also notes that movant does not allege he would have chosen

3

to go to trial if not for Attorney Little's alleged ineffectiveness in connection with the plea. (Id. at 16-17; see generally Mot.)

## II.   APPLICABLE LAW

To obtain relief under § 2255, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, id. at 689, and "must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment,'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir.

2000) (quoting Strickland, 466 U.S. at 689-90). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. Id. at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A court need not address both prongs of this test if the movant "makes an insufficient showing on one." Id. at 697.

Strickland's two-prong test applies to counsel's representation of a defendant in connection with a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). The defendant must show that his "counsel's constitutionally ineffective performance affected the outcome of the plea process," i.e., that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

5

### III. <u>ANALYSIS</u>

Movant has not shown that Attorney Little rendered ineffective assistance, or that his guilty plea is invalid. Because the record refutes movant's claims and conclusively shows he is not entitled to relief, an evidentiary hearing is unnecessary.

The plea agreement movant executed and his sworn statements at the plea hearing contradict his claim that Attorney Little was ineffective in advising him of the consequences of pleading guilty. In the written agreement and in response to the Court's specific questions, movant acknowledged that he faced a mandatory minimum sentence of twenty years. Clearly, he understood that fact.

Under the section of the plea agreement titled "ACKNOWLEDGMENT OF PENALTIES," movant stated he "understands that, based on his plea of guilty, he will be subject to the following . . . mandatory minimum penalties: . . . Mandatory minimum term of imprisonment: twenty years." (Plea Agreement 2.) In another section of the plea agreement, movant stated he "agrees that based upon [his] previous conviction noticed by the Government, he is subject to a sentence of imprisonment of at least twenty years." (<u>Id.</u> at 4.) At the plea hearing, the Court advised movant of the mandatory minimum sentence and ensured he understood it:

6

> THE COURT: If the Court accepts your plea of guilty, Mr. Hernandez, the punishment is as follows: . . . mandatory term of imprisonment is twenty years. . . . Do you understand the punishment that can be imposed on you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You don't agree with it, and you don't specifically like it, but you understand it?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: You have had one other prior conviction for transportation of marijuana, a felony, a violation of the laws of the state of California. You understand that is the reason you have a – you are subject to a sentence of at least 20 years?
>
> THE DEFENDANT: Yes.

(Plea Tr. 8, 10.) Movant's statements in the plea agreement and to the Court demonstrate that he understood he would be sentenced to at least twenty years of imprisonment if he pleaded guilty.

Movant expressed no confusion or reservations at the plea hearing regarding the mandatory minimum sentence and did not mention, as he now alleges, that Attorney Little led him to believe he could receive a sentence below the mandatory minimum based on a motion or recommendation by respondent. In fact, movant said he

7

understood the Court was not bound to follow any of respondent's recommendations regarding sentencing, that no one had promised him anything, and that no one had made any agreement with him, other than the negotiated plea agreement, regarding a plea or sentence. (Plea Tr. 14-15.) Movant's sworn statements at the plea hearing contradict his current claims and carry great weight. See United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir.1987) (holding that when a defendant enters a guilty plea, "there is a strong presumption that the statements made during the colloquy are true"); Orum v. United States, No. 3:08cv367-MEF, 2010 WL 2867937, at *5 (M.D. Ala. June 29, 2010) ("Weighing the cursory assertions in [movant's] § 2255 motion against the record evidence, including [movant's] declarations at the plea hearing, this court concludes that [movant] fails to demonstrate that his counsel rendered ineffective assistance . . . ."); Turner v. United States, No. 1:07-cv-0863-MEF, 2009 WL 1664439, at *8 (M.D. Ala. June 15, 2009) ("The court finds that [movant's] assertions in his § 2255 motion regarding his understanding of the sentence he faced are undermined by his own statements to the court during the plea proceedings regarding his understanding of the possible maximum sentence that could be imposed . . . .").

8

In short, there is no credible evidence that Attorney Little's performance in representing movant in connection with his guilty plea was objectively unreasonable or, even assuming that Attorney Little misadvised movant regarding the mandatory minimum sentence, that the advice affected the outcome of the case. Indeed, movant has not alleged that he would have demanded a trial had he received the advice he claims he should have received. Movant has failed to meet his burden of demonstrating the deficient performance and prejudice required to establish ineffective assistance of counsel or that his guilty plea is invalid. His § 2255 motion should be denied.

## IV.   CERTIFICATE OF APPEALABILITY ("COA")

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Cases, Rule 11, 28 U.S.C. foll. §2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

9

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citations and internal quotations omitted).

A COA is not warranted in this case. As discussed supra Part III, the resolution of movant's claims is not reasonably debatable.

## V.  CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that movant's motion to vacate sentence [354] be **DENIED** and that a certificate of appealability also be **DENIED**.

**SO RECOMMENDED** this 27th day of June, 2011.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ,  Movant, | :: :: :: | CIVIL ACTION NO. 4:10-CV-148-RLV-WEJ |
| v. | :: :: | CRIMINAL ACTION NO. 4:07-CR-20-RLV-WEJ-4 |
| UNITED STATES OF AMERICA,  Respondent. | :: :: :: | MOTION TO VACATE 28 U.S.C. § 2255 |

**ORDER FOR SERVICE OF**
**FINAL REPORT AND RECOMMENDATION**

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within fourteen days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review

AO 72A
(Rev.8/82)

by the District Court. If no objections are filed, the Final Report and Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of factual findings will be limited to a plain error review. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 27th day of June, 2011.

*/s/ Walter E. Johnson*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)